IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ANGELA GAIL JENNINGS,

    Plaintiff,

v.                              Case No.:    1:15-cv-12658

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her application for child's insurance benefits ("CIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This action is assigned to the Honorable David A. Faber, United States District Judge, and has been referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 8). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss; **DISMISS** the complaint, with prejudice; and remove this action from the docket of the Court.

1

I. **Procedural History**

On October 12, 2011, Plaintiff Angela Gail Jennings ("Claimant") filed an application for CIB, alleging a disability onset date of September 1, 1983. (ECF No. 8 at 10). The Social Security Administration ("SSA") denied Claimant's application initially and upon reconsideration. (*Id.*). Claimant filed a request for an administrative hearing, which was held on January 2, 2014 before the Honorable Anne V. Sprague, Administrative Law Judge ("ALJ"). (*Id.* at 10, 16). By written decision dated January 30, 2014, the ALJ found that Claimant was not disabled as defined in the Social Security Act. (*Id.* at 10-16).

Claimant filed a request for review of the ALJ's decision with the SSA's Appeals Council. On June 16, 2015, the Appeals Council issued a Notice of Appeals Council Action, advising Claimant that her request for review had been denied. (ECF No. 8 at 20-22). The Appeals Council further notified Claimant that she had the right to seek judicial review of the decision by filing a civil action in the appropriate United States District Court, but the action had to be instituted within sixty days after Claimant received the Notice of Appeals Council Action. (*Id.* at 21). Claimant was told that receipt would be assumed to have occurred five days after the date of the Notice unless Claimant could demonstrate otherwise. In addition, Claimant could request an extension of time from the Appeals Council to file the lawsuit if there was a good reason for the delay. (*Id.* at 22).

On August 24, 2015, Claimant, proceeding *pro se*, filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). Defendant was served with the summons and complaint on October 6, 2015, (ECF No. 7), and filed a Motion to Dismiss on November 13, 2015. (ECF No. 8). Three days later, the undersigned issued an Order, telling Claimant that she had until December 18, 2015 in which to file a response

in opposition to the Motion to Dismiss. (ECF No. 10). In the Order, Claimant was informed of Defendant's contention that Claimant had not filed her complaint on time. Claimant was also warned that her failure to respond to the motion would support a conclusion that Defendant's assertions were undisputed and might result in a recommendation of dismissal. (*Id.*). Nonetheless, Claimant failed to file a response. Given that the time frame for doing so has now passed, this matter is ready for resolution.

## II. Discussion

As a general rule, the United States and its agencies are immune from suit except to the extent that they waive their sovereign immunity by consenting to litigation. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996 (1994). It is well settled that any such waiver must be expressly stated and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (citing *United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 1616, 131 L.Ed.2d 608 (1995)). Of relevance to this action, the Social Security Act provides for a limited waiver of immunity in the case of a claimant seeking judicial review of the final decision of the Commissioner of Social Security. According to Section 205(g) of the Social Security Act, "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The pertinent regulations provide that the sixty days shall begin to run upon receipt of the notice by the individual, and receipt shall be presumed to occur five days after the date of mailing, unless there is "a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 404.981.

The sixty-day period is a statute of limitations and, because it is a condition on the waiver of immunity, must be strictly construed. *Bowen v City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Nevertheless, the agency's Appeals Council may extend the sixty days "upon a showing of good cause" by the claimant. 20 C.F.R. § 422.210(c). Moreover, a court may equitably toll the limitations period on the rare occasion "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen,* 476 U.S. at 480.

In the case at bar, the Notice of the Commissioner's final decision was sent to Claimant on June 16, 2015. Accordingly, she was presumed to have received the Notice no later than June 21, 2015, and Claimant has not made a reasonable showing to the contrary. Under the sixty-day limitations period, Claimant had until August 20, 2015 in which to commence a civil action in district court seeking judicial review of the Commissioner's decision. Claimant did not file her lawsuit until August 24, 2015. According to Defendant, Claimant never requested an extension of time, and she offers no factual basis that would support equitable tolling. Therefore, the undersigned **FINDS** that Claimant failed to timely file her complaint; thus, her action is barred by the applicable statute of limitations and should be summarily dismissed

### III.     Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the District Court confirm and accept the findings herein and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss, (ECF No. 8), **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED**:  January 20, 2016

Cheryl A. Eifert
United States Magistrate Judge