IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANGELA GAIL JENNINGS,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:15-12658

NANCY A. BERRYHILL[*],
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on January 20, 2016, in which she recommended that the court grant defendant's motion to dismiss, dismiss this matter with prejudice, and remove the matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security, has been added as a party. Carolyn W. Colvin's term expired on January 20, 2017, and she has been terminated as a party.

such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On February 8, 2016, plaintiff filed several letters with the court which the court has construed as her objections. (ECF Nos. 12 and 13). With respect to those objections, the court has conducted a de novo review.

On November 13, 2015, defendant moved to dismiss plaintiff's complaint arguing that it was not timely filed. Magistrate Judge Eifert informed plaintiff that she had a deadline of December 13, 2015 in which to respond to the motion to dismiss and that, "a failure to respond will support a conclusion that Defendant's contentions are undisputed and may result in a dismissal of the complaint." (ECF No. 10). Plaintiff did not file anything with the court by December 13, 2015 and the PF&R was issued.

According to plaintiff, she "faxed an appeal letter on December 8, 2015 to Jennifer Mankin [the AUSA assigned to the case] to appeal the denial of my original application. I sent it to the fax number on the letter, but apparently it was sent to the wrong place. I then followed up with many calls to confirm the receipt of the letter, with no response." (ECF No. 13).

The letter that was presumably sent to AUSA Mankins which should have been filed with the court stated:

2

> I am appealing the decision to close my case
> regarding application for Social Security
> Childhood Disability.
>
> Apparently, my paperwork was sent in a few days
> too late. I apologize for the delay.
>
> I would like to plead my case:
>
> 1) I have pursued this case for the past 4 years.
> I believe I am eligible to receive the Childhood
> Disability Social Security since I was medically
> treated for Lupus before the age of 22 yrs. I am
> currently receiving Black Lung Childhood
> Disability.
>
> 2) I was working closely with a staff member in
> the Social Security office, seeking information to
> help me with filing procedures. I was under the
> impression that I had sufficient time to submit
> the paperwork by the deadline.
>
> Please consider opening the case by reviewing the
> medical records, and my hard fought efforts for a
> positive outcome. Thank you.

(ECF No. 12).

Pursuant to the Social Security Act ("the Act"), a claimant may obtain review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations under the Act provide more specifically that a civil action must be

> instituted within 60 days after the Appeals
> Council's notice of denial of request for review
> of the [ALJ's] decision or notice of the decision
> by the Appeals Council is received by the
> individual . . ., except that this time may be

>   extended by the Appeals Council upon a showing of
>   good cause.

20 C.F.R. § 422.210(c). The Regulations further specify that "the date of receipt of [the notice] . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id. "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court." McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984)).

The Supreme Court has held that § 405(g) is a statute of limitations subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 481 (1986)(holding that equitable tolling applies where the government's "secretive conduct prevents plaintiffs from knowing of a violation of right."); Middleton v. Colvin, C/A No. 8:15-cv-00299-BHH-JDA, 2015 WL 5916209, at *2 (D.S.C. Oct. 8, 2015) ("The 60-day requirement is not jurisdictional and is subject to equitable tolling. . . . However, equitable tolling must be justified by exceptional circumstances.") (internal citations omitted); Hopkins v. Colvin, Civil Action No. 6:12-CV-2973-RBH, 2014 WL 4231257, at *1 (D.S.C. Aug. 26, 2014) ("[E]quitable tolling may apply if exceptional circumstances are shown." (internal citations omitted)). The

Fourth Circuit has approved of equitable tolling where the Secretary of Health and Human Services had a secretive policy of nonacquiescence with the law of the circuit. See Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir. 1986).

One court recently explained the circumstances justifying equitable tolling the context of § 405(g):

> Turning to those traditional equitable principles, the Supreme Court has held that they "do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dept of Veterans Affairs, 498 U.S. 98 (1990) (holding that equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received). The Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (applying the holding to a federal habeas petition).
>
> More particularly, the Fourth Circuit has held that under the extraordinary circumstances test, a litigant is only entitled to equitable tolling where he presents: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Peeler v. Colvin, DOCKET NO. 3:16-cv-00545-MOC-DLH, 2017 WL 64747, *2 (W.D.N.C. Jan. 5, 2017).

Plaintiff does not challenge receipt of the Notice within the presumed period. Nor does her response contradict the government's assertion that she never sought an extension of time

to file her complaint.  Rather, her excuse for failing to timely file a complaint is that she "was under the impression that [she] had sufficient time to submit the paperwork by the deadline." ECF No. 12.

There are no circumstances which would justify equitable tolling in this case.  Plaintiff's excuse for her untimely filing is a "garden variety claim of excusable neglect" and does not present the rare case triggering application of equitable tolling.  Reeves v. Colvin, No. 6:12-cv-00027, 2014 WL 2573049, *3 (W.D. Va. Jun. 9, 2014).  Accordingly, plaintiff's objections to the PF&R are **OVERRULED**.

Accordingly, the court adopts the Findings and Recommendations of Magistrate Judge Eifert as follows:

1. Defendant's motion to dismiss is **GRANTED;**
2. The case is **DISMISSED** with prejudice; and
3. The Clerk is directed to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 31st of May, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge